ROBERTSON *v.* STATE.

Opinion delivered July 2, 1917.

LIQUOR—ILLEGAL SHIPMENT—"BONE DRY LAW."—Defendant was indicted for causing to be shipped liquor "from one point in the State of Arkansas to another point * *" in violation of the act approved January 27, 1917, known as § 9 of the "Bone Dry Law." *Held*, under the indictment it was improper to charge the jury that defendant could be convicted for an interstate shipment.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; reversed.

*A. F. Barham,* for appellant.

1. Defendant was not guilty. There is no evidence connecting him with the crime charged, of inducing a railroad company to transport liquor; nor that it was transported for delivery to him or any one for him.

2. The instructions were highly prejudicial to defendant. The instructions asked by defendant correctly state the law and should have been given.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The evidence shows appellant equally as guilty as his "pal," Ed Thomas, as if he had ordered the whiskey himself. 18 Ark. 198; 10 *Id.* 378; 27 *Id.* 355. He at least induced the carrier to *deliver.* 80 Ark. 495; 73 *Id.* 101. He *accepted* the liquor from the company. There is no error in the instructions, and the evidence plainly shows a violation of the "bone-dry law."

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below imposing upon him a fine of $100 and a sentence of thirty days in jail for a violation of the act of the 1917 session of the General Assembly, Act 13, entitled "An act to prohibit the shipment of intoxicating liquors into this State, and to prevent shipments of the same from one point or locality in this State to any other point or locality within this State, * * * etc.," popularly designated the "bone-dry law." The act was approved January 24, 1917.

The act contains twenty-one sections, and makes unlawful numerous acts and omissions there denounced.

The indictment charges that the appellant "did induce and cause a common carrier to transport, ship and deliver from one point in the State of Arkansas to another point ardent, malt, vinous, fermented, alcoholic and intoxicating liquors, without then and there revealing to said common carrier aforesaid the nature and contents thereof, * * * etc.," and was evidently based upon section

9 of this act. This section makes it unlawful for any person to cause or induce any carrier, or any person, to carry, transport, or deliver, from one point or place in this State to any other point or place in this State, for delivery to himself or other person, any package, trunk, or valise containing any liquors, the sale of which is prohibited by the laws of this State, without notifying the common carrier, or other person who carries the same, the true nature and character of the shipment, or without marking, on the outside of the package containing the liquor, where it can plainly be seen and read, words indicating the contents of the package and the character and quantity of the liquor.

The proof showed the shipment of a trunk from Caruthersville, Missouri, to Blytheville, Arkansas, containing fourteen quarts of whiskey, without designation indicating its contents, and the circumstances as shown by the testimony in regard to its shipment are such as to warrant the jury in the finding which, by its verdict, it must have made, that appellant was concerned in the shipment of the trunk. In its shipment the trunk was carried through a number of stations in this State on the line of the railroad over which it was shipped, and the court treated this as a shipment from one point in this State to another point in this State, as is indicated by an instruction in which the jury was told that "If you find that the railroad company had in its possession liquors shipped contrary to the act just read to you and carried the liquor along its line of railroad for any distance whatever and at some point after conveying the liquors between any two points in the State, or from a point out of the State to a point in the State, and delivered the same to a point in this district in this county in this State to the defendant here, it would be sufficient for the purposes of this case."

This instruction is erroneous, because a shipment from a point without this State to a point within this State can not be regarded as an intrastate shipment, even though, before it reaches its destination, it passes, after

crossing the boundary line of the State, from one point in this State to another point in the State.

The court, in its charge, referred to other sections of the statute, and told the jury what acts on the part of the appellant would be sufficient to constitute a violation of them. This was erroneous and prejudicial, because there were no counts in the indictment based upon the sections of the statute referred to by the court, and, so far as appears from the record, the verdict may have been based upon a finding that appellant's conduct would have constituted, and did constitute, a violation of the sections referred to by the court, although he was not guilty of a violation of the section of the statute upon which the indictment was evidently based.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.